**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley M Gustafson, | No. CV-24-01834-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Amazon.com Incorporated, et al., | |
| Defendants. | |

In its previous Orders, the Court explained that Plaintiff Stanley Gustafson "has a reasonable amount of time in which to serve the Chinese parties," which the Court defines as "at least six months." (Docs. 20, 23, 29). Though this case has been pending since July 2024 in this Court, Gustafson has still not yet served three foreign defendants. For the reasons explained in this Order, Gustafson has until **May 1, 2025** to serve the foreign defendants to avoid the Court's dismissal of those parties for failing to serve them.

**I.   BACKGROUND**

Gustafson filed this action in state court in June 2024 against Amazon.com, Inc. and Amazon Services, LLC (collectively, the "Amazon Defendants"), and against several entities that appear to be Chinese corporations. (*See* Doc. 1 at 2.) The Amazon Defendants removed the action to federal court, and have since answered. (Doc. 3.)

In October 2024, Gustafson filed a motion for a 90-day extension to serve the foreign defendants. (Doc. 19.) The Court denied his motion as moot, noting that, under Federal Rule of Civil Procedure 4(m), the ordinary 90-day time limit to serve defendants "does not

apply to service on foreign defendants; instead, the plaintiff must simply serve foreign defendants in a reasonable amount of time." (Doc. 20 at 1.) The Court deemed reasonable the additional 90 days Gustafson sought. (*Id.*)

Gustafson thereafter filed a series of motions related to the Court's order, (Docs. 22 [petition for interlocutory appeal], 24 [motion to stay], 25 [emergency motion to stay]), and the Court made clear to Gustafson that the Court did not dismiss the foreign defendants, nor did the Court deny him the opportunity to continue his service efforts. (Doc. 23 at 1–2 ["To reiterate, no Order of the Court has dismissed Plaintiff's claims against the foreign Defendants, and he has a reasonable amount of time—at least six months—to serve them under the Federal Rules of Civil Procedure and file the corresponding certificates of service on the docket."]; Doc. 29 at 1 ["[T]he Court did not terminate Plaintiff's claims against the foreign Defendants, and under [the rules], Plaintiff has a reasonable amount of time—at least six months—to serve them with the Complaint and Summons."].)

The foreign defendants to date remain unserved, approximately eight months after the Gustafson filed suit.

## II.     LEGAL STANDARD

The Court may impose a reasonable time limit on service of foreign defendants. *See Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) ("The Ninth Circuit reads Rule 4(m) to completely exempt foreign defendants from the 120-day service deadline. However, this does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." (citation and quotation marks omitted)); *see also Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) ("Because district courts need to be able to control their dockets, Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." (quotation marks omitted)). And other courts have held that the exception to the 90-day service limit does not apply if "the plaintiff did not attempt to serve the defendant [that resides] in the foreign country." *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F.

Supp. 3d 108, 123 (S.D.N.Y. 2020) (alteration in original) (citation omitted).  Ultimately, however, the Court construes Rule 4 liberally.  *See Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).

### III.   DISCUSSION

As stated above, Gustafson has had approximately eight months to serve the foreign defendants, but has still not yet served them, and about half of that time post-dates the Court's Order informing Gustafson that he has a reasonable time of at least six months to serve the defendants.  (*See* Doc. 20.)  Because this action has largely been on hold while Gustafson purportedly has attempted to serve the foreign defendants, the case has been pending for almost one year without any real progress for the Amazon Defendants, which *have* been served.  (Doc. 1-1 at 4–7.)[1]

Accordingly, to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court will set a time limit by which Gustafson must either effectuate service on the foreign defendants or file a status report with the Court explaining the efforts he has taken from the inception of this action to serve the foreign defendants.  The Court finds that 185 days—or May 1, 2025—from the Court's October 29, 2024 Order is a reasonable time limit.  The Court cautions Gustafson that failure to serve the foreign defendants and failure to have taken any efforts to serve them may result in the Court dismissing the foreign defendants from this action, without prejudice, in the future.

Accordingly,

**IT IS ORDERED** that Gustafson shall serve the foreign defendants named in the Complaint by **May 1, 2025**.

///

///

///

///

---

[1] Indeed, the Court has now set a Case Management Conference on April 15, 2025, nine months after this action was removed to this Court.  (Doc. 38.)

**IT IS FURTHER ORDERED** that, if Gustafson has not served the foreign defendants by then, he must file a status report on or before the deadline and explain in detail his efforts to serve them.

Dated this 3rd day of March, 2025.

_____
Honorable Sharad H. Desai
United States District Judge