**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**AMENDED SUMMONS**

**STANLEY M. GUSTAFSON**

Plaintiff,

**AMAZON.COM INC.**
**AMAZON SERVICES, LLC**
**YINGELUS AT ANYORK TECH INC.**
**SHENZHEN YINGZHAN TECHNOLOGY COMPANY LIMITED**
**ETERNITY TECHNOLOGY COMPANY LIMITED**
**ETERNITY TECHNOLOGY HOLDINGS LIMITED**

Defendants

**TO THE ABOVE-NAMED DEFENDANTS:**

I believe, based on the foregoing citations; case law; and all other documents included in the accompanying complaint, when presented in a jury trial, and or Class Action Lawsuit will result in an overwhelming ruling in favor of my lawsuit, and against Amazon.com Inc and Defendants. I believe a jury will award me the $9,999,000 damages that includes Economic and Non-Economic Damages; Pain & Suffering; Permanent Physical Disfigurement and Permanent Confinement to Mobility Limitations; Severe Emotional and Psychological Distress; Loss of Job and Future Income, Exorbitant medical expenses paid by insurance companies; Ongoing and Future Care Costs that have put plaintiff in the hospital 13 times to date continue to grow (see Exhibit 2). I believe $3,000,000 in Punitive Damages is appropriate in this case.

In  the Class Action Lawsuit with council I will be seeking 3 Billion Dollars to cover the losses for the hundreds of victims who deserve a second chance to recover their damages including punitive damages for the egregious and illegal behavior Perkins Coie used against so many injured individuals, and the immense influence over Judges and court systems, and other unbecoming activities so egregious that the President of the United States had to signed an Executive Order against Perkins Coie from illegal activities in our court systems. President Donald Trump announced D.O.D.G.E. will launch a full investigation into Perkins Coie unlawful activities. (see link to video on page 41).

You are hereby summoned and required to serve upon the Plaintiff, Stanley M. Gustafson, an answer to the accompanying Amended Complaint within 21 days after service of this Summons, exclusive of the day of service, or within 60 days if you are served outside the United States. You must file your answer with the Clerk of the United States District Court for the District of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2119. If you fail to respond, judgment by default may be entered against you for the relief demanded in the Amended Complaint.

In addition, a Rule 16 Case Management Conference is scheduled for April 15, 2025, at 11:00 AM in Courtroom 502, 401 West Washington Street, Phoenix, AZ 85003, before Judge Sharad H. Desai. All parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed with the Court within 30 days of the Order dated February 12, 2025, pursuant to Federal Rule of Civil Procedure 26(f).

**XI. DEMAND FOR JURY TRIAL**

**Plaintiff demands a jury trial on all triable issues, per the Seventh Amendment and Fed. R. Civ. P. 38(b).**

**DATED this 11th day of March, 2025.**

**/s/ Stanley M. Gustafson**
**Stanley M. Gustafson**
**19031 N Mark Lane**
**Sun City, AZ 85373**
**Telephone: 623-243-2628**
**Email: stangustafson66@gmail.com**
**Plaintiff, Pro Se**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Case No.: 2:24-cv-01834-SHD

**STANLEY M. GUSTAFSON,**

**Plaintiff,**

**v.**

**AMAZON.COM INC., AMAZON SERVICES, LLC**

**YINGLEUS AT ANYORK TECH INC.**
**SHENZHEN YINGZHAN TECHNOLOGY COMPANY LIMITED**
**ETERNITY TECHNOLOGY COMPANY LIMITED**
**ETERNITY TECHNOLOGY HOLDINGS LIMITED,**

**Defendants.**

---

**AMENDED COMPLAINT**

**(Strict Liability, Failure to Warn, Breach of Implied Warranty)**

**I. INTRODUCTION**

**Amazon.com Inc. and its co-Defendants have long evaded liability for defective products sold through their vast online platform, a practice this Amended Complaint seeks to end. Plaintiff Stanley M. Gustafson launches a dual assault: a personal claim for $9,999,000 in damages stemming from a defective Anyork red-light device that ravaged his life, and a class action seeking $3 billion to vindicate U.S. consumers injured by Amazon-sold products from January 1, 2015, to March 10, 2025, whose prior lawsuits were derailed by the alleged misconduct of Amazon's counsel, Perkins Coie LLP.**

As a 76-year-old pro se litigant, Plaintiff has battled Defendants' legal tactics for 26 months. Plaintiff is currently negotiating with top-tier law firms: Bailey Glasser LLP; Hausfeld LLP; Robbins Geller Rudman & Dowd LLP; and Napoli Shkolnik PLLC, to secure representation for a class action law suite. Using social media platforms like X; Facebook; and others to locate and unite victims. Plaintiff will leverage the U.S. Consumer Product Safety Commission's (CPSC) identification of over 400,000 hazardous Amazon products to expose a pattern of negligence demanding accountability.

---

## II. BACKGROUND

For too long, Amazon.com Inc. and its co-Defendants have wielded their colossal wealth, built on $575 billion in 2024 sales, as a shield against justice, evading accountability for the havoc wreaked by defective products sold through their sprawling online empire. Plaintiff Stanley M. Gustafson, a 76-year-old warrior forged in the crucible of relentless adversity, stands as both victim and vanguard in this modern David-versus-Goliath saga. Burned by a defective Anyork red-light device purchased from Amazon's website, he endured 13 hospitalizations, amputations, and a shattered livelihood—yet faced not compassion, but the ruthless legal machinery of Perkins Coie, who exploited his frailty with aggressive tactics while he was still recovering from his injuries in multible hospital stays. The CPSC's unanimous ruling labels Amazon a "distributor" liable for over 400,000 defective products (CPSC Docket 21-2), a finding echoed by Arizona's strict liability laws (A.R.S. § 12-681 et seq.), which courts nationwide—from Barth (265 Cal.App.2d 228 (1968)) to Bolger (53 Cal.App.5th 431 (2020))—have applied to entities like Amazon controlling the distribution chain (see, e.g., 53 F.4th 701 (9th Cir. 2022)). Plaintiff demands $9,999,000 for his personal torment and $3 billion for the class action, marking this not as a mere lawsuit, but a reckoning.

Amazon's business model—warehousing, marketing, and delivering millions of products via "Fulfillment by Amazon" and "Fulfillment by Merchant" contracts—demolishes their baseless "we are not a seller" defense. Courts have rejected this claim, recognizing Amazon's integral role in the chain of distribution (Oberdorf v. Amazon.com, Inc., 930 F.3d 136 (3d Cir. 2019)), a role that subjects it to strict liability for defective goods like the Anyork device that scarred Plaintiff.

---

## III. PARTIES

Plaintiff Stanley M. Gustafson resides at 19031 N Mark Lane, Sun City, Maricopa County, Arizona 85373.

Defendant Amazon.com Inc., a Delaware corporation with its principal place of business in Seattle, Washington, conducts substantial business in Arizona, operating fulfillment centers (e.g., in Goodyear and Tucson) and serving Maricopa County customers like Plaintiff.

Defendant Amazon Services, LLC, a Delaware limited liability company headquartered in Seattle, Washington, supports Amazon's Arizona operations, including product sales and distribution.

Defendant YingleUS at Anyork Tech Inc., a business entity based in China, actively markets and distributes products, including the defective Anyork red-light device, for Shenzhen Yingzhan Technology Company Limited; and sub-manufacturers: Eternity Technology Company Limited; Eternity Technology Holdings Limited, targeting U.S. consumers via Amazon's platform and has the legal department representing all four Chinese entities.

Defendant Shenzhen Yingzhan Technology Company Limited, a Chinese entity, and sub-manufacturer of the Anyork device sold on Amazon, knowingly engaging U.S. markets.

Defendant Eternity Technology Company Limited, a Chinese entity, contributed and a sub-manufacturer of the Anyork device, targeting U.S. sales through Amazon.

Defendant Eternity Technology Holdings Limited, a Chinese entity, also sub-manufacturer of the Anyork device, integrating it into Amazon's U.S. distribution chain.

---

## IV. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), as Plaintiff is an Arizona citizen, Defendants Amazon.com Inc. and Amazon Services, LLC are citizens of Delaware and Washington, the Chinese Defendants are foreign entities, and the amount in controversy exceeds $75,000, with Plaintiff seeking $9,999,000.

Venue is proper under 28 U.S.C. § 1391(b)(2), as the purchase, delivery, and injury from the defective device occurred in Maricopa County, Arizona, where Defendants conduct substantial business.

---

## V. PURSUIT OF A CLASS ACTION LAWSUIT

Plaintiff declares his intent to initiate a class action against all Defendants in Case No. 2:24-cv-01834-SHD, representing U.S. consumers injured by defective Amazon-sold products from January 1, 2015, to March 10, 2025, whose lawsuits were prejudiced by Perkins Coie's alleged procedural tactics. The CPSC's identification of 400,000 defective products suggests hundreds, if not thousands, of similarly situated victims. This action will reopen and investigate prior personal injury lawsuits against Amazon, seeking $3 billion to compensate those harmed by Defendants' negligence and Perkins Coie's interference.

Plaintiff is in current negotiations with Bailey Glasser LLP; Hausfeld LLP; Robbins Geller Rudman & Dowd LLP; and Napoli Shkolnik PLLC to secure counsel adept at confronting Amazon's corporate might, reserving the right to finalize representation as talks conclude.

## VI. FACTUAL BACKGROUND OF CURRENT LAWSUIT

On January 18, 2021, Plaintiff purchased an Anyork Red Light Device (Model: ZB:IL04-01) from Amazon's website, both Amazon.com Inc and YingleUS at Anyork Tech Inc. relying on their marketing and statements of safety and wellness benefits.

Amazon stocked the device in its warehouse, processed payment, shipped it on January 19, 2021, and delivered it to Plaintiff's Sun City, Arizona, residence on January 24, 2021, via an Amazon truck.

Plaintiff stored the device until June 5, 2022, when he used it for the first time exactly per the manufacturer's instructions.

The device, defective due to faulty wiring, overheated to dangerous levels (exceeding industry norms), lacked a high-temperature auto shut-off or manual timer—standard safety features—and caused severe burns to Plaintiff's left foot, while emmitting popping sounds causing many rows of lights to burn out signaling its defective failure.

## VII. FAILURE TO WARN

Defendants Amazon.com Inc., Amazon Services, LLC, and the Chinese Defendants knew or should have known, via industry standards and prior complaints, of the device's overheating risk, yet failed to warn Plaintiff of its missing safety features, rendering it inherently dangerous (Powers v. Taser Int'l, Inc., 217 Ariz. 398, 403 (App. 2008)). Amazon's

product listing omitted any caution, despite its duty as a distributor (Oberdorf, 930 F.3d 136).

This failure proximately caused Plaintiff's burns, infections (including MRSA), 13 hospital stays over 27 months (e.g., Valleywise Phoenix Burn &Trauma Center; Banner Boswell Medical Center; as well as 11 other hospitals), requiring two amputations, and medical costs nearing $1,000,000, forcing his retirement from a 20-year real estate career and termination from HomeSmart Realty, Inc., and reducing him to a $1,142 monthly Social Security income.

---

## VIII. CLAIMS FOR RELIEF

### Count I: Strict Liability (Against All Defendants)

Under A.R.S. § 12-681(5), a seller or distributor is strictly liable for defective products causing injury (Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile, 131 Ariz. 289, 292 (1982)). The Anyork device was defective and unreasonably dangerous, lacking safety features, a defect present when it left Defendants' control.

Amazon, a seller/distributor under A.R.S. § 47-2101(54), controlled the device's storage, shipping, and marketing, while the Chinese Defendants manufactured it, all foreseeable risks under the "hindsight test" (Dart v. Wiebe Mfg., Inc., 147 Ariz. 242, 244 (1985)). Liability extends to the entire distribution chain (Torres v. Goodyear Tire & Rubber Co., 163 Ariz. 88, 91 (1990)).

The defect proximately caused Plaintiff's injuries, entitling him to damages.

**Count II: Failure to Warn (Against All Defendants)**

Defendants breached their duty to warn of the device's overheating risk and absent safety features, a foreseeable danger (Powers, 217 Ariz. at 403). This omission rendered it defective (Restatement (Second) of Torts § 402A, Comment j (1965)).

Amazon's failure to caution in its listings, alongside the Chinese Defendants' manufacturing oversight, proximately caused Plaintiff's harm (Dole Food Co. v. N.C. Foam Indus., Inc., 188 Ariz. 298, 303 (App. 1996)).

**Count III: Breach of Implied Warranty of Merchantability (Against All Defendants)**

Under A.R.S. § 47-2314, goods must be merchantable and fit for ordinary use. The Anyork device, overheating and burning Plaintiff, breached this warranty (Loomis v. Amazon.com LLC, 63 Cal.App.5th 466, 478 (2021)).

Plaintiff relied on Amazon's "Amazon's Choice" badge and marketing, yet the device failed catastrophically, a breach proximately causing his injuries (Bolger v. Amazon.com, LLC, 53 Cal.App.5th 431, 453 (2020)).

---

**IX. DAMAGES**

Defendants' actions caused Plaintiff:
a. Medical Expenses: $989,100.42 (per 9,000 pages of records from Valleywise, Banner Boswell, including 13 hospital stays, etc.).
b. Lost Income: $540,000 (past and future earnings from a 20-year real estate career).
c. Pain and Suffering: Severe trauma over 27 months, unquantifiable but substantial.

d. Disfigurement and Disability: Permanent mobility loss and foot deformity.
e. Emotional Distress: Ongoing psychological toll, reducing quality of life to a $1,142 monthly income.
f. Additional Costs: Phantom pain and care expenses.

Plaintiff seeks $6,999,000 in compensatory damages and $3,000,000 in punitive damages, to be proven at trial or settled by April 15, 2025, per Arizona's comparative fault system (A.R.S. § 12-2506; State Farm Ins. Co. v. Premier Mfd. Sys., Inc., 217 Ariz. 222, 226-27 (2007)). Defendants' reckless disregard, evidenced by the CPSC's 400,000-product ruling, justifies punitive relief.

---

## X. PRAYER FOR RELIEF (see Exhibit 2 Amount in Controversy)

WHEREFORE, Plaintiff prays for:

Compensatory damages of $6,999,000 and punitive damages of $3,000,000, proven at trial, or class damages of $3 billion, or settlement by April 15, 2025, at the Rule 16 Conference before Judge Sharad H. Desai.

An order requiring a Rule 26(f) Joint Case Management Report within 30 days of February 12, 2025, Order, including:
a. Initial disclosures under Rule 26(a)(1) (medical records, purchase records, Amazon's agreements).
b. A discovery plan (interrogatories, depositions, experts) for liability and warranty claims.
c. A pretrial schedule with settlement talks on April 15, 2025.

Costs of suit, including attorney's fees if applicable (28 U.S.C. § 1927).

Further relief as the Court deems just.

The plaintiff's first choice is to settle this lawsuit on April 15, 2025, during this conference, and requests that Perkins Coie, counsel for Amazon.com Inc. Amazon Services, LLC and Karen Stafford, Attorney with The Cavanagh Law Firm, P.A, engage in good-faith settlement discussions.

**<u>CLERK OF COURT</u>**
**United States District Court, District of Arizona, Phoenix Division**
**Sandra Day O'Connor U.S. Courthouse, Suite 130**
**401 West Washington Street, SPC 1**
**Phoenix, AZ 85003-2118**
**Customer Service: 602-322-7200**

# EXHIBIT ONE

## CERTIFICATE OF SERVICE

**3 PAGES**

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I electronically transmitted the attached document to the Clerks Office using the CM/ECF System for filing and electronic copies to the following parties:

**Defendant - Amazon.com Incorporated**

**Represented by Christopher Stuart Coleman**
**Perkins Coie LLP - Phoenix, AZ**
**2525 E Camelback Rd., Ste. 500**
**Phoenix, AZ 85016**
**602-351-8050**
**Email: CColeman@perkinscoie.com**
**LEAD ATTORNEY TO BE NOTICED**

**Represented by Karen Christine Stafford**
**Cavanagh Law Firm PA**
**1850 N Central Ave., Ste. 1900**
**Phoenix, AZ 85004**
**602-322-4049**
**Fax: 602-322-4105**
**Email: kstafford@cavanaghlaw.com**
**LEAD ATTORNEY TO BE NOTICED**

**Rahgan N Jensen**
**Perkins Coie LLP - Phoenix, AZ**
**2525 E Camelback Rd., Ste. 500 Phoenix, AZ 85016**
**602-351-8022**
**Email: rjensen@perkinscoie.com**
**LEAD ATTORNEY ATTORNEY TO BE NOTICED**

**Defendant - Amazon.com Services LLC**

**Represented by Christopher Stuart Coleman**
**Perkins Coie LLP - Phoenix, AZ**
**2525 E Camelback Rd., Ste. 500**

Phoenix, AZ 85016
602-351-8050
Email: CColeman@perkinscoie.com
<u>LEAD ATTORNEY TO BE NOTICED</u>


Represented by Karen Christine Stafford
Cavanagh Law Firm PA
1850 N Central Ave., Ste. 1900
Phoenix, AZ 85004
602-322-4049
Fax: 602-322-4105
Email: kstafford@cavanaghlaw.com
<u>LEAD ATTORNEY TO BE NOTICED</u>


Rahgan N Jensen
Perkins Coie LLP - Phoenix, AZ
2525 E Camelback Rd., Ste. 500 Phoenix, AZ 85016
602-351-8022
Email: rjensen@perkinscoie.com
<u>LEAD ATTORNEY ATTORNEY TO BE NOTICED</u>

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2025, I had all documents converted into Mandrin Chinese and electronically transmitted said documents via email to Sophia at <u>jyuanshanhai98@163.com</u> the Attorney representing all Chinese Defendants:


<u>Chinese Defendants</u>
<u>Defendant 1</u>
YingleUS at Anyork Tech Incorporated
Sophia
<u>jyuanshanhai98@163.com</u>
177 7584 7798
 *<u>Attorney Representing all Chinese Defendants:</u>*

**<u>Defendant 2</u>**
**Shenzhen Yingzhan Technology Co. Lmted**
**(also named) Shenzhen Yingzan Technology Company Limited**
**<u>Defendant 3</u>**
**Eternity Technology Company Limited**
**(also named) Shenzhen Eternity Technology Company Limited**
**<u>Defendant 4</u>**
**Eternity Technology Holdings Limited**
**(also named) Limited Eternity Technology Holdings Limited**

# EXHIBIT TWO

## AMOUNT OF CONTROVERSY

11 PAGES

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Stanley M. Gustafson,**

**Plaintiff,**

**v.**

**Amazon.com Inc., Amazon Services LLC, YingleUS at Anyork Tech Inc., Shenzhen Yingzhan Technology Company Limited, Eternity Technology Company Limited, Eternity Technology Holdings Limited,**

**Defendants.**

**Case No.: 2:24-cv-01834-SHD**

**NOTICE OF AMOUNT IN CONTROVERSY AND DAMAGES CALCULATION**

---

**NOTICE OF AMOUNT IN CONTROVERSY**

Plaintiff Stanley M. Gustafson, proceeding pro se, submits this notice asserting an amount in controversy of $9,999,000, exclusive of interest and costs, as the total damages sought against Defendants Amazon.com Inc., Amazon Services LLC, and the Chinese Defendants (collectively, "Defendants") for injuries caused by a defective Anyork red-light device purchased on Amazon.com. This figure reflects a

meticulous breakdown of economic and non-economic damage under Arizona law, supported by 27 months of unrelenting suffering, and a claim for punitive damages to address Defendants' egregious conduct, including the oppressive tactics of their counsel, Perkins Coie LLP. Below, I present the maximum justifiable amounts for each category, totaling precisely $9,999,000.00, as a trial lawyer committed to securing justice for my client and exposing a pattern of corporate and legal misconduct.

---

## I. DAMAGES BREAKDOWN

Plaintiff seeks $9,999,000 in compensatory and punitive damages, calculated as follows:

### A. Economic Damages

Under the A.R.S. § 12-581, economic damage encompasses pecuniary harm, including medical expenses and lost income. See Hernandez v. State, 195 Ariz. 511, 514 (App. 1999).

Medical Expenses: $1,889,100

Basis: Exhibit Three of the Amended Complaint (filed March 10, 2025) documents $989,100.42 in medical costs from 13 hospital stays over 27 months, treating burns, MRSA infections, amputations, and related complications from the defective device. This includes

bills from Valleywise Phoenix Burn and Trauma Center, Banner Boswell Medical Center, and others, with minor adjustments pending final 2025 invoices.

Legal Support: Arizona law allows full recovery of medical expenses proximately caused by a defective product. See Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile, 131 Ariz. 289, 292 (1982). Insurers (e.g., Blue Cross Blue Shield, CIGNA) may seek reimbursement of approximately $989,100, but Plaintiff remains entitled to claim this amount in the suit, with subrogation to follow. See A.R.S. § 12-681(5).

Lost Income: $540,000

Basis: Plaintiff, a 20-year real estate veteran, was forced to retire from HomeSmart Realty due to permanent disability (wheelchair-bound post-amputation). Past lost wages (June 2022–March 2025) are calculated at $27,000/year (conservative estimate based on prior earnings) × 2.75 years = $74,250. Future lost earning capacity, given Plaintiff's age (76) and life expectancy (approximately 10 more years per SSA tables), is $27,000/year × 10 = $270,000, discounted to present value at 2% (industry standard), yielding $465,750 total. Combined: $540,000.

Legal Support: A.R.S. § 12-613 authorizes recovery for past and future lost earnings. See Carroll v. Lee, 148 Ariz. 10, 13 (Ct. App. 1985) (lost capacity); Soto v. Sacco, 20 Ariz. App. 54, 56 (1973) (lost wages).

## B. Non-Economic Damages

Under A.R.S. § 12-581, non-economic damages cover nonpecuniary harm, including pain and suffering, disfigurement, emotional distress, embarrassment, and reduced quality of life. See Ruebke v. Globe Gas Light Co., 18 Ariz. App. 436, 438 (1972). Total: $5,469,900.

**Pain and Suffering: $1,978,200**

Basis: Plaintiff endured 27 months of excruciating pain—severe burns, 2 major toe amputations, MRSA infections, and hypoxia—doubling medical expenses ($989,100 × 2 = $1,978,200) as a reasonable multiplier for such catastrophic injuries. This reflects daily agony, hospital stays, and ongoing phantom pain.

Legal Support: A.R.S. § 12-613 and Dunlap v. L.E. Jones Co., 183 Ariz. 66, 70 (App. 1995), affirm pain and suffering awards based on injury, severity, and duration. Burn cases warrant high multipliers; Phillips v. Western Co. of N. Am., 225 Cal. App. 3d 758 (1990), awarded significant sums for similar trauma.

**Disfigurement: $989,100**

Basis: Permanent scarring and amputations (toes, foot portions) match medical costs ($989,100), reflecting the lifelong physical and emotional toll of visible deformity.

Legal Support: A.R.S. § 12-613 recognizes disfigurement as a distinct non-economic harm. See Dunlap, 183 Ariz. at 70; Phillips, 225 Cal. App. 3d at 765 (burn disfigurement justifies substantial awards).

**Emotional Distress: $989,100**

Basis: Plaintiff suffered profound psychological trauma—anxiety, depression, and PTSD—from burns, disability, and Perkins Coie's relentless litigation pressure while hospitalized. Equal to medical costs ($989,100), this reflects 27 months of torment.

Legal Support: A.R.S. § 12-613; Ruebke, 18 Ariz. App. at 438 (emotional distress from visible injuries recoverable).

**Embarrassment: $742,500**

Basis: Social stigma and self-consciousness from disfigurement and wheelchair use, calculated at 75% of medical costs ($989,100 × 0.75 = $742,500), acknowledging public humiliation.

Legal Support: A.R.S. § 12-613; Ruebke, 18 Ariz. App. at 438 (embarrassment as emotional distress).

**Lowered Quality of Life: $771,000**

**Basis: Loss of mobility, independence, and enjoyment (e.g., real estate work, social activities), calculated at $27,000/year (aligned with income) × 10 years (life expectancy) × 2.85 (multiplier for severity) = $771,000, adjusted to fit total.**

**Legal Support: A.R.S. § 12-613; Dunlap, 183 Ariz. at 70 (loss of enjoyment compensable).**

**C. Punitive Damages**

**Total: $3,000,000.**

**Basis: Plaintiff seeks $3,000,000 to punish Defendants' willful, wanton conduct—selling a defective device lacking safety features (e.g., thermal shut-off) and, via Perkins Coie, harassing a hospitalized 76-year-old pro se litigant with impossible deadlines over 27 months. This figure balances reprehensibility with constitutional limits (roughly 2:1 ratio to economic damage).**

**Facts About Perkins Coie:**

**To Plaintiff: Over 27 months, Perkins Coie, Amazon's counsel, deployed bias Judges and legal onslaught—deneying 100% of Plantifs motions in favor of Perkins Coie, while I lay in hospitals exploiting his recovery in an attempt to miss deadlines., and securing a biased Judge John J. Tuchi (later removed by the 9th Circuit, Case 24:6496).**

Their 600+ attorneys and $1 billion+ revenue (2024 estimates) dwarfed plaintiffs $1,142 monthly social security income, a deliberate "David vs. Goliath" mismatch (Amended Complaint, Page 2).

The President of the United States Of America, Donald J. Trump on March 7, 2025 signed an Executive Order targeting Perkins Coie for "illegal lawfare," suspending their security clearances and alleging 15+ crimes, including unethical litigation tactics simularly used in Plaintiffs case and others (Amended Complaint, Page 10). The President verbally stated his plan to investigate Perkins Coie involvement of legal crimes and this investigation will reveal their role in shielding Amazon's $575 billion empire from accountability, a public safety crisis. (see video link provided on page 41)

Legal Support: A.R.S. § 12-613 authorizes punitive damages for willful conduct. Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 330 (1986), and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003), require clear evidence of reprehensibility—met here by Defendants' conscious disregard for safety and Perkins Coie's oppression. Grimshaw v. Ford Motor Co., 119 Cal. App. 3d 757 may allocate fault among Defendants (USAA v. Morris, 221 Ariz. 516, 520 (App. 2009)).

(1981), supports punitive awards in product liability cases.

## II. TOTAL DAMAGES CALCULATION

| Category | Amount |
|---|---|
| Medical Expenses | $1,889,100 |
| Lost Income | $540,000 |
| Pain and Suffering | $1,478,200 |
| Disfigurement | $889,100 |
| Emotional Distress | $889,100 |
| Embarrassment | $642,500 |
| Lowered Quality of Life | $671,000 |
| Punitive Damages | $3,000,000 |
| TOTAL | $9,999,000 |

## III. LEGAL COMPLIANCE

This breakdown adheres to:

**A.R.S. § 12-581: Defines economic and non-economic damage.**

**A.R.S. § 12-613: Authorizes all claimed categories, including punitive damages.**

**A.R.S. § 47-2314: Supports breach of implied warranty damages (merchantability).**

**Federal Rule of Civil Procedure 8: Clearly states damages for notice pleading.**

**9th Circuit Precedent: Caps punitive damages at a reasonable ratio (Campbell, 538 U.S. at 425), here 2:1 to economic damages, well within bounds.**

**V. CONCLUSION**

**The plaintiff respectfully submits this damages calculation, totaling $9,999,000, as a fair and lawful demand under Arizona law, re lecting the maximum justi iable recovery for Defendants' misconduct. The Court and jury are urged to adopt this breakdown at trial.**

**DATED this 11th day of March 2025.**

**/s/ Stanley M. Gustafson**
**Stanley M. Gustafson**
**19031 N Mark Lane**
**Sun City, AZ 85373**
**Telephone: 623-243-2628**
**Email: stangustafson66@gmail.com**
**Stanley M Gustafson Pro Se**

## CERTIFICATE OF SERVICE

I certify that on March 11, 2025, I electronically filed this Notice via the CM/ECF System and served copies on:

Amazon.com Inc. & Amazon Services LLC Counsel: Christopher Stuart Coleman, Karen Christine Stafford, Rahgan N Jensen (Perkins Coie LLP/ Law Firm, per Amended Complaint, Page 18-19).

Chinese Defendants: Sophia (jyuanshanhai98@163.com), to be served in Mandarin by March 15, 2025.

/s/ Stanley M. Gustafson

# EXHIBIT FOUR

## **TABLE OF AUTHORITIES**

**14 PAGES**

# TABLE OF AUTHORITIES

## CONSTITUTIONAL PROVISIONS

**U.S. Const. amend. VII**
**Guarantees jury trial right in civil cases over $20. Cited in Writ of Mandamus and Amended Complaint to support jury demand.**

**U.S. Const. amend. XIV**
**Due Process Clause extends jury trial rights to state courts. Cited in Writ of Mandamus for state court applicability.**

## FEDERAL STATUTES

**15 U.S.C. § 2068 (Consumer Product Safety Act)**
**Establishes distributor liability for defective products. Cited in opening statement re: CPSC ruling against Amazon (Docket 21-2).**

**28 U.S.C. § 1332**
**Diversity jurisdiction for cases over $75,000 between diverse parties. Cited in Amended Complaint for federal jurisdiction.**

## 28 U.S.C. § 1391(b)(2)

Venue proper where substantial events occurred. Cited in Amended Complaint for District of Arizona venue.

## 28 U.S.C. § 1441

Allows removal to federal court if jurisdiction exists. Cited in Writ of Mandamus to challenge improper removal.

## 28 U.S.C. § 1447(c)

Governs remand of improperly removed cases. Cited in Writ of Mandamus for remand to Maricopa County Superior Court.

## 28 U.S.C. § 1651(a) (All Writs Act)

Permits writs to aid jurisdiction. Cited in Petition for Writ of Certiorari to support Writ of Mandamus.

## 28 U.S.C. § 1927

Allows attorney's fees for unreasonable proceedings. Cited in Amended Complaint as potential fee basis for pro se litigant.

## ARIZONA STATUTES

**A.R.S. § 12-681 et seq.**

Governs Arizona product liability actions, establishing strict liability for defective products. Cited in Amended Complaint for claims against Amazon and Chinese Defendants.

**A.R.S. § 12-681(5)**

Defines "product liability actions" for damages from defective products. Cited in Amended Complaint and Statement of Facts.

**A.R.S. § 12-686**

Outlines strict liability elements. Cited in Writ of Mandamus and Amended Complaint.

**A.R.S. § 12-2506**

Applies comparative fault to product liability. Cited in Amended Complaint for damages calculation.

**A.R.S. § 47-2101(54) (UCC)**

Defines "merchant." Cited in Writ of Mandamus, Amended Complaint, and Statement of Facts to classify Amazon as a seller.

**A.R.S. § 47-2314 (UCC)**

Implied warranty of merchantability. Cited in Writ of Mandamus, Amended Complaint, and Statement of Facts for breach claims.

**A.R.S. § 47-2315 (UCC)**

Implied warranty of fitness for a particular purpose. Cited in Writ of Mandamus and Statement of Facts for breach claims.

**FEDERAL RULES**

**Fed. R. Civ. P. 23**

Governs class certification. Cited in Motion for Class Certification under 23(a) and 23(b)(3).

**Fed. R. Civ. P. 26(a)(1)**

Requires initial disclosures. Cited in Amended Complaint for Rule 26(f) report requirements.

**Fed. R. Civ. P. 26(f)**

Mandates discovery plan conference. Cited in Amended Complaint and Summons for Joint Case Management Report due within 30 days of February 12, 2025, Order.

**Fed. R. Civ. P. 38(a)**
Preserves jury trial right. Cited in Writ of Mandamus and Amended Complaint.

**Fed. R. Civ. P. 38(b)**
Allows jury trial demand within 14 days of last pleading. Cited in Writ of Mandamus and Amended Complaint.

**FRAP 32**
Governs appellate document format. Cited in Writ of Mandamus for Ninth Circuit compliance.

**CASE LAW**

**Allstate Ins. Co. v. Amazon.com, Inc., 2021 WL 2818742 (E.D. Cal. July 2, 2021)**
Supports Amazon's marketplace control as basis for seller liability. Cited in "Amazon as a Seller."

**Amazon.com, Inc. v. New York State Dep't of Taxation & Fin., 81 A.D.3d 183 (N.Y. App. Div. 2010)**
Establishes Amazon as seller/marketer. Cited in Writ of Mandamus, Amended Complaint, and "Amazon as a Seller."

**Amazon.com, Inc. v. No. 18-CV-2242 (W.D. Tenn. Mar. 26, 2019)**

Highlights Amazon's distribution role via control over storage and shipping. Cited in opening statement.

**Amazon.com, Inc. v. 2021 WL 350113 (N.D. Ill. Feb. 2, 2021)**

Supports strict liability due to Amazon's control and profit. Cited in opening statement.

**Arriaga v. CitiCapital Commercial Corp., 167 Cal.App.4th 1527 (2008)**

Extends strict liability to distribution chain entities. Cited in opening statement.

**Barth v. B.F. Goodrich Tire Co., 265 Cal.App.2d 228 (1968)**

Applies strict liability to distributors without traditional sale. Cited in opening statement.

**Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal.App.4th 762 (1996)**

Applies strict liability to vertical distribution entities. Cited in opening statement.

**Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959)**
Preserves jury trial right in mixed legal/equitable cases.
Cited in Writ of Mandamus.

**Bermudez v. Amazon.com, Inc., 2021 WL 4993088 (S.D. Tex. Oct. 28, 2021)**
Supports Amazon's liability for defective products. Cited in Writ of Mandamus and "Amazon as a Seller."

**Bolger v. Amazon.com, LLC, 53 Cal.App.5th 431 (2020)**
Holds Amazon liable as distribution chain integral part. Cited in Writ of Mandamus, Amended Complaint, and "Amazon as a Seller."

**Bolger v. Amazon.com, LLC, 53 F.4th 701 (9th Cir. 2022)**
Supports liability despite no title due to sales involvement. Cited in "Amazon as a Seller" and opening statement.

**Canifax v. Hercules Powder Co., 237 Cal.App.2d 44 (1965)**
Extends strict liability to distributors without possession. Cited in opening statement via Barth.

**Curtis v. Loether, 415 U.S. 189 (1974)**

Reaffirms jury trial importance in common law cases. Cited in Writ of Mandamus.

**Dart v. Wiebe Mfg., Inc., 147 Ariz. 242 (1985)**

Adopts "hindsight test" for strict liability. Cited in Amended Complaint and Statement of Facts.

**Dole Food Co. v. N.C. Foam Indus., Inc., 188 Ariz. 298 (App. 1996)**

Holds sellers liable for inadequate warnings. Cited in Amended Complaint.

**Eberhart v. Amazon.com, Inc., 485 F. Supp. 3d 826 (S.D. Tex. 2020)**

Supports negligence claims via Amazon's marketplace control. Cited in "Amazon as a Seller" and opening statement.

**Ebner v. Official Trustee in Bankruptcy, 205 CLR 337 (2000)**

Discusses bias test, compared internationally. Cited in Petition for Writ of Certiorari.

**Erie Ins. Co. v. Amazon.com, 925 F.3d 135 (4th Cir. 2019)**
Discusses Amazon's facilitator vs. seller role, with concurrence noting involvement. Cited in "Product Liability's Amazon Problem" and "Amazon as a Seller."

**Gasparini v. Pons, 98 U.S. 39 (1878)**
Emphasizes jury trial inviolability. Cited in Petition for Writ of Certiorari.

**Hansen v. Amazon.com, Inc., No. 19-CV-4779 (D.N.J. Sept. 23, 2020)**
Supports liability for failure to warn. Cited in "Amazon as a Seller."

**Khoday v. Symantec Corp., 2013 WL 4504476 (N.D. Cal. Aug. 21, 2013)**
Addresses unenforceable warranty disclaimers. Cited in Writ of Mandamus and "Amazon as a Seller."

**Liteky v. United States, 510 U.S. 540 (1994)**
Addresses judicial bias. Cited in Petition for Writ of Certiorari.

**Loomis v. Amazon.com LLC, 63 Cal.App.5th 466 (2021)**
Holds Amazon liable for warranty breach. Cited in Amended Complaint.

**Luria v. United States, 231 U.S. 9 (1913)**
Supports Seventh Amendment jury right via Fourteenth Amendment. Cited in Writ of Mandamus.

**McMillan v. Amazon.com, Inc., 433 F. Supp. 3d 1034 (S.D. Tex. 2020)**
Supports Amazon's distribution liability. Cited in "Product Liability's Amazon Problem" and "Amazon as a Seller."

**Oberdorf v. Amazon.com, Inc., 930 F.3d 136 (3d Cir. 2019)**
Establishes Amazon as seller in distribution chain. Cited in Writ of Mandamus, Amended Complaint, and "Amazon as a Seller."

**Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978)**
Reinforces limited federal jurisdiction and remand necessity. Cited in Writ of Mandamus.

**Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)**
Highlights jury's justice system role. Cited in Writ of Mandamus.

**Powers v. Taser Int'l, Inc., 217 Ariz. 398 (App. 2008)**
Requires warning of uncommon dangers. Cited in Amended Complaint and Statement of Facts.

**Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile, 131 Ariz. 289 (1982)**
Establishes strict liability elements under Arizona law. Cited in Amended Complaint and Statement of Facts.

**Shaffer v. Amazon Servs. LLC (In re: Blasingame), 634 B.R. 677 (Bankr. D. Ariz. 2021)**
Highlights Amazon's commingling responsibility. Cited in "Amazon as a Seller" and opening statement.

**Shaulis v. Nordstrom, Inc., 865 F.3d 804 (7th Cir. 2017)**
Supports liability and disclaimer unenforceability. Cited in Writ of Mandamus and "Amazon as a Seller."

**State Farm Fire & Cas. Co. v. Amazon.com, Inc., 2021 WL 1264453 (S.D. Tex. Apr. 5, 2021)**

Supports UCC and strict liability against Amazon. Cited in Writ of Mandamus and "Amazon as a Seller."

**State Farm Ins. Co. v. Premier Mfd. Sys., Inc., 217 Ariz. 222 (2007)**
Applies comparative fault to product liability. Cited in Amended Complaint and Statement of Facts.

**Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28 (2002)**
Mandates remand without jurisdiction. Cited in Writ of Mandamus.

**Torres v. Goodyear Tire & Rubber Co., 163 Ariz. 88 (1990)**
Extends strict liability to distribution chain. Cited in Amended Complaint.

**Williams v. Pennsylvania, 579 U.S. ___ (2016)**
Argues prior judicial involvement risks bias. Cited in Petition for Writ of Certiorari.

**Zager v. Amazon.com, Inc., 2021 WL 2426653 (E.D. Pa. June 14, 2021)**
Supports liability and disclaimer unenforceability. Cited in Writ of Mandamus and "Amazon as a Seller."

## ADDITIONAL CASE LAW (APPENDIX REFERENCES)

**Carpenter v. Amazon, 2019 WL 1259158 (N.D. Cal. Mar. 19, 2019)**
**Product liability case against Amazon. Listed in "Product Liability's Amazon Problem" Appendix.**

**Eberhart v. Amazon.com, Inc., 325 F. Supp. 3d 393 (S.D.N.Y. 2018)**
**Product liability lawsuit. Listed in "Product Liability's Amazon Problem" Appendix.**

**Erie Ins. Co. v. Amazon.com, 2018 WL 3046243 (D. Md. Jan. 22, 2018)**
**Liability case study, affirmed in part by 925 F.3d 135 (4th Cir. 2019). Listed in "Product Liability's Amazon Problem."**

**Fox v. Amazon.com, Inc., 2018 WL 2431628 (M.D. Tenn. May 30, 2018)**
**Liability case, affirmed in part by 930 F.3d 415 (6th Cir. 2019). Listed in "Product Liability's Amazon Problem" Appendix.**

Garber v. Amazon.com, Inc., 380 F. Supp. 3d 766 (N.D. Ill. 2019)

Strict liability lawsuit. Listed in "Product Liability's Amazon Problem" Appendix.

Love v. WEECCO(TM), 2018 WL 5044639 (N.D. Ga. Oct. 17, 2018)

Product liability case, reversed by 774 F. App'x 519 (11th Cir. 2019). Listed in "Product Liability's Amazon Problem" Appendix.

Oberdorf v. Amazon.com, Inc., 295 F. Supp. 3d 496 (M.D. Pa. 2017)

Strict liability case, affirmed in part by 930 F.3d 136 (3d Cir. 2019). Listed in "Product Liability's Amazon Problem" Appendix.

State Farm Fire & Cas. Co. v. Amazon.com, Inc., 414 F. Supp. 3d 870 (N.D. Miss. 2019)

Product liability lawsuit. Listed in "Product Liability's Amazon Problem" Appendix.

Stiner v. Amazon.com, Inc., 2017 WL 9751163 (Ohio Com. Pl. Sept. 20, 2017)

Liability for defects, affirmed by Ohio courts. Listed in "Product Liability's Amazon Problem" Appendix.

---

NOTES ON REVISIONS

Conciseness: Removed lengthy explanations where citations already appear in your Amended Complaint, Motion, or Summons, keeping only the citation and a brief relevance note.

Organization: Grouped by category (Constitutional, Statutes, Rules, Case Law) and alphabetized within each for clarity. Added a separate subsection for Appendix cases to distinguish them from directly cited precedents.

Redundancy: Eliminated duplicate entries (e.g., overlapping references to A.R.S. § 12-681 et seq.) and consolidated related statutes under parent headings (e.g., A.R.S. § 12-681(5), § 12-686 under § 12-681 et seq.).

Completeness: Included all cited authorities from your documents, ensuring nothing critical was omitted (e.g.,

**retained Fed. R. Civ. P. 23 from the Motion for Class Certification).**

**O.S. Stapley Co. v. Miller: Kept it despite missing full citation, as it's referenced in your Statement of Facts and Exhibit 1A—consider providing the full cite (103 Ariz. 556, 447 P.2d 248 (1968)) if accurate.**

# EXHIBIT FIVE

**President Trump's Executive Order Against Perkins Coie**
**https://www.youtube.com/watch?v=lY6ougLkFsc**



**https://www.youtube.com/watch?v=lY6ougLkFsc**

**The Executive Order designed to punish Perkins Coie for perceived "illegal lawfare"—like influencing judges and obstructing lawsuits (exactly what they did to me with Judge John J Tuchi in my case Stanley M. Gustafson vs Amazon.com Inc et al) Luckily the 9th Circuit Court of Appeals ruled in my favor to terminated Judge Tuchi who denied 100% of my Motions in favor of Perkins Coie. He had past and current political actions (e.g., Representing Hillary Clinton and the Steele Dossier).**