**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley M Gustafson, | No. CV-24-01834-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Amazon.com Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Stanley Gustafson's Motion to Authorize Alternative Service on Chinese Defendants Via Email. (Doc. 44.) He requests to serve several foreign defendants by "emailing the Amended Summons, translated into Mandarin Chinese, to [the defendants'] attorney's known email address." (*Id.* at 1.) For the following reasons, Gustafson's motion is **denied without prejudice**.

**I.    BACKGROUND**

As the Court set out in its previous Orders, the Court has given Gustafson over eight months to serve the foreign defendants, and ordered Gustafson to serve the foreign defendants by May 1, 2025, or explain the efforts he has taken to serve them. (*See generally* Doc. 39.)  The Court noted that "this action has largely been on hold while Gustafson purportedly has attempted to serve the foreign defendants," and the "case has been pending for almost one year without any real progress for the Amazon Defendants." (*Id.* at 3.)

After the Court issued that Order, Gustafson filed the above-mentioned Motion for

Alternative Service. (Doc. 44.) In it, Gustafson states that he has "confirmed" that the email address jyuanshanhai98@163.com belongs to the foreign defendants' counsel, named "Sophia." (*Id.* at 2.) Although Gustafson states in several places that he "verified" and "confirmed" that this email address belongs to the foreign defendants' counsel, he does not provide the Court with any information about *how* he verified or confirmed that counsel represents all four foreign defendants. (*See id.* at 3.) He asks the Court to authorize effectuating service by emailing the foreign defendants' supposed counsel, "instead of the Hague Convention process." (*Id.* at 2.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4 provides that a foreign entity may be served overseas through one of the following means:

> (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents";
>
> (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country," "as the foreign authority directs in response to a letter rogatory or letter of request," or, unless prohibited by the foreign country, "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt"; or
>
> (3) "by other means not prohibited by international agreement, as the court orders."

Fed. R. Civ. P. 4(f), (h)(2).

## III.    DISCUSSION

As an initial matter, the Court is skeptical that it can grant Gustafson's requested relief under the circumstances. The Court may only authorize an alternative service method that is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents (the "Hague Service Convention") but opposes (1) the use of postal channels to send judicial documents directly to foreign defendants and (2) effectuating service through "judicial officers, officials or other competent persons." *China – Central Authority & practical information*, Hague Conf. on Private Int'l L., https://www.hcch.net/en/states/authorities/details3/?aid=243 (last updated Mar. 14, 2025); *see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 983 (N.D. Cal. 2020). China's Ministry of Justice states that it is "the only legal authority to receive requests for service of judicial document from abroad," and "[a]ny attempt of service by postal way from abroad is opposed and invalid." Ministry of Justice, People's Republic of China, *The Most Frequently Asked Questions and Answers*, Hague Conf. on Private Int'l L., https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf (last visited Mar. 26, 2025).

"[T]he Hague Service Convention specifies certain approved methods of service and pre-empts inconsistent methods of service wherever it applies." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (quotation marks omitted); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (noting that the Hague Service Convention, by its own terms, "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad" (citation omitted)). If the receiving state—here, China—objects to service by mail, service by mail is not allowed. *Id.* at 284. As noted above, China has so objected, so service by mail is not allowed. *See id.*; *Schlunk*, 486 U.S. at 699; *id.* at 708 (Brennan, J., concurring) ("[T]he terms of the [Hague Service Convention] are 'mandatory,' not 'optional' with respect to any transmission that Article 1 covers."); *cf. Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for So. Dist. of Iowa*, 482 U.S. 522, 534 & n.15 (1987) (noting that the Hague Evidence Convention preamble "purport[ed] to describe the procedures for all permissible transnational discovery and exclude[d] all other existing practices," in contrast with the Hague Service Convention, which did contain such "mandatory" language).

Gustafson has not argued that service by email is permissible where service by regular mail is not. In fact, several courts have concluded that email service on Chinese defendants is not permitted under the Hague Service Convention. *See, e.g.*, *9 Xiu Network*, 480 F. Supp. 3d at 983–87 (collecting and analyzing authority and concluding that service by email on Chinese defendants was not authorized by the Hague Service Convention and therefore not permitted at all). Nor has Gustafson argued that an exception to the Hague Service Convention applies in this case. *See id.* at 986 (noting that exceptions to the Hague Service Convention are "either expressly identified in the Convention or they arise when the receiving country doesn't comply with the Convention"); *see also Amazon.com, Inc. v. Yong*, 2023 WL 3075636, at *2 (W.D. Wash. 2023) ("The Hague [Service] Convention expressly 'shall not apply where the address of the person to be served with the document is not known.'" (citation omitted)).

Although Gustafson argues that Ninth Circuit precedent authorizes alternative service by email in these circumstances, the Court disagrees. (Doc. 44 at 3.) In *Rio Properties, Inc. v. Rio International Interlink*, the Ninth Circuit affirmed the district court's exercise of discretion to permit a foreign defendant be served through the foreign defendant's attorney who *lived in the United States*. 284 F.3d 1007, 1013 (9th Cir. 2002). Unlike here, the foreign defendant "claimed an address in Miami, Florida." *Id.* Further, in that case, when the foreign defendant's attorney reached out to the plaintiff, the attorney confirmed that the foreign defendant had already received service of the summons and complaint through its Costa Rican courier, and there was some indication that the defendant was "striving to evade service of process." *Id.* at 1013, 1016.

To the extent *Rio Properties* even applies in cases where, as here, the foreign defendant resides in a country that is a Hague Service Convention signatory and the plaintiff has not argued that an exception to the Hague Service Convention applies,[1] the

---

[1] As the court in *9 Xiu Network* noted, Costa Rica was not a Hague Service Convention signatory, so compliance with its provisions was not at issue. 480 F. Supp. 3d at 985; *Bolivia, Costa Rica, Singapore and Vietnam: Conventions enter into force*, Hague Conf. on Private Int'l L. (Oct. 1, 2016), https://www.hcch.net/en/news-archive/details/?varevent=521#:~:text=1965%20Service%20Convention%20%2D%20Costa%20Rica,States%20to%20the%20Convention%2C%20respectively (noting that the

circumstances present in *Rio Properties* are not present here. First, Gustafson did not provide the Court with any information permitting the Court to conclude that "Sophia" is indeed counsel for all of the foreign defendants, such as submitting a declaration attaching his communications with the supposed counsel. (*See generally* Doc. 44.) Second, even if she is counsel for the foreign defendants, there is nothing to indicate that the foreign defendants already had notice of the pending lawsuit or that counsel is located in the United States. (*Id.*) *See Schlunk*, 486 U.S. at 708 (Brennan, J., concurring) ("[A] litigant may, consistent with the [Hague Service] Convention, serve process on a foreign corporation by serving its wholly owned domestic subsidiary, because such process is not 'service abroad' within the meaning of Article 1."). Third, Gustafson has not provided the Court with any indication that the foreign defendants have or claim some address in the United States. (Doc. 44.) Last, there is nothing to indicate that the foreign defendants are "striving to evade service of process," unlike the defendant in *Rio Properties*. 284 F.3d at 1016.

Thus, even if the Court can authorize alternative service on the foreign defendants' (seemingly foreign) attorney in this case, *9 Xiu Network*, 480 F. Supp. 3d at 986 ("[W]hen the [Hague Service] Convention applies and no exception is applicable, the plaintiff cannot invoke [Rule] 4(f)(3) . . . ."), Gustafson has not shown at this time that "the facts and circumstances of the present case necessitate[] the [Court's] intervention." *Rio Props.*, 284 F.3d at 1016. The Court's denial is without prejudice to Gustafson bringing another motion for alternative service in the future if, for example, he is unable to locate a physical address for the foreign defendants and he is able to provide sufficient evidence to the Court to satisfy it that service by email to defendants' counsel at the proposed email address(es) is reasonably calculated to give notice to the foreign defendants.

Accordingly,

///

///

///

---

Hague Service Convention became effective in Costa Rica on October 1, 2016).

1        **IT IS ORDERED** that Gustafson's Motion for Alternative Service (Doc. 44) is **denied without prejudice**.

       Dated this 26th day of March, 2025.

_____
Honorable Sharad H. Desai
United States District Judge