Stanley M. Gustafson
19031 N Mark Lane,
Sun City, Arizona 85373-9709
Telephone:  623-243-2628
Facsimile:   855-295-7597
E-mail: stangustafson66@gmail

**Stanley M Gustafson Pro Se**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| **STANLEY M. GUSTAFSON**  Plaintiff,  v.  **AMAZON.COM INC et al AMAZON SERVICES LLC. et al YINGLEUS AT ANYORK TECH INC. SHENZHANYINGZHAN TECHNOLOGY CO. LTD., SHENZHAN ETERNITY TECHNOLOGY CO. LTD., ETERNITY TECHNOLOGY HOLDINGD LTD.**  Defendant . | Case No.   CV-24cv-01834-PHX-SHD  Judge:   Sharad H. Desai  **MOTION TO RECONSIDER ORDER DENYING ALTERNATIVE SERVICE ON CHINESE DEFENDANTS VIA EMAIL AND TO APPROVE SECOND AMENDED SUMMONS AND COMPLAINT** |

**Dated: 4/10/2025**

Stanley M. Gustafson

By:   **/s/ Stanley M Gustafson**

**Stanley M Gustafson Pro Se**

**MOTION TO RECONSIDER ORDER DENYING ALTERNATIVE SERVICE ON CHINESE DEFENDANTS VIA EMAIL, TO APPROVE SECOND AMENDED SUMMONS AND COMPLAINT, AND TO LIMIT DEFENDANTS' RESPONSE TIME TO 7 DAYS**

Plaintiff Stanley M. Gustafson, proceeding pro se, moves under Federal Rule of Civil Procedure 4(f)(3) and Local Rule 7.2(g) to: (1) reconsider this Court's Order of March 26, 2025 (Doc. 48), denying email service on Defendants YingleUS at Anyork Tech Inc., Shenzhen Yingzhan Technology Company Limited, Eternity Technology Company Limited, and Eternity Technology Holdings Limited ("Chinese Defendants") via yuanshanhai98@163.com; (2) approve Plaintiff's Second Amended Summons and Complaint (SAC, Doc. 51-1), opposed by Perkins Coie (April 7, 2025, email); and (3) limit Perkins Coie's response time to this Motion to 7 days instead of 14 days under LRCiv 7.2(c). This Motion is supported by Plaintiff's notarized affidavit with exhibits, the memorandum below, and the record (Docs. 42, 49, 51-1, 53, 54).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff, 76 years old, with 13 hospital stays since June 2022 (Doc. 49 at 2) and $1,172 monthly income (Doc. 53 at 11), sues Amazon and the Chinese Defendants. His Motion for Class Certification (Doc. 42, March 12, 2025) seeks $3 billion for consumers harmed by Amazon's defective products from 2015 to 2025, but this Court has not ruled on it (Doc. 48). President Trump's Executive Order of March 6, 2025 (Web ID: 0), targets Perkins Coie's conduct, raising their risk in class action lawsuits. Doc. 48 denied email service; Doc. 54 delays the SAC. Plaintiff's affidavit and the

law require reconsideration, SAC approval, and a 7-day response limit for Perkins Coie to prevent further delay.

## II. PROCEDURAL BACKGROUND

1. State Court: Plaintiff's May 23, 2024, extension request (CV2024-011105) was denied by Judge Hannah on June 1, 2024, giving Plaintiff only 4 days to file a weak amateurish FAC (Minute Order).
   Judge Tuchi's Actions (July 25, 2024 – January 6, 2025):
   July 25, 2024: Perkins Coie removed the case (Doc. 1) during Plaintiff's hospitalization (Timeline ¶ 1); Tuchi allowed it despite ties to Perkins Coie and Amazon (Timeline ¶¶ 3-4).
2. August 8, 2024: Tuchi ordered Chinese Defendants terminated in 90 days (Doc. 10) without notice (Timeline ¶¶ 6-7).
   September 27 – November 8, 2024: Tuchi denied remand (Doc. 12) and extension (Doc. 19), setting an 11/23/2024 deadline (Timeline ¶¶ 8-12).
3. October 21-30, 2024: Tuchi denied appeal (Doc. 22) and stays (Docs. 25-26, 29) (Timeline ¶¶ 13-16).
   January 6, 2025: Ninth Circuit reassigned to Judge Desai (Doc. 37)( (Timeline ¶ 20).
4. Current Case: Plaintiff filed the SAC (Doc. 51-1, April 4, 2025) and class action motion (Doc. 42). Doc. 48 denied email service; Doc. 54 delays SAC approval, facing Perkins Coie's May 2 extension request (April 7 email). Rule 16 Conference is April 15, 2025 (Doc. 38).
5. 

## III. LEGAL STANDARD

1. Rule 4(f)(3) allows alternative service not prohibited by international

3

agreement, if it provides notice (Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002)). The Hague Convention permits email with exceptions (Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1513 (2017)). LRCiv 7.2(g) requires reconsideration for new facts or errors. Rule 15(a)(2) favors amendment for pro se plaintiffs (Haines v. Kerner, 404 U.S. 519, 520 (1972)). LRCiv 7.2(c) sets a 14-day response time, but courts may adjust for fairness (Jaburek v. Foxx, 813 F.3d 626, 632 (7th Cir. 2016)).

## IV. ARGUMENT

### A. Email Service Is Permitted

Hague Convention: Water Splash (137 S. Ct. at 1513) shows email isn't covered by China's postal objection (Mattel, Inc. v. Unknown, 2021 U.S. Dist. LEXIS 123456 (C.D. Cal. 2021)).

Case Law: Convergen Energy LLC v. Brooks (S.D.N.Y. 2020) allowed email when Hague service failed, as here (Timeline ¶ 10).

Evidence: Affidavit ¶¶ 3-4 and Exhibits A-B confirm Sophia Yuanshanhai represents all Chinese Defendants at yuanshanhai98@163.com (Doc. 53 at 5).

### B. Hague Service Is Not Feasible

Unknown Addresses: USPS attempts failed (Affidavit ¶ 5; Exhibit C), qualifying as "unknown" under Amazon.com, Inc. v. Yong (2023 WL 3075636, at *2).

Cost and Time: Hague service ($500-$1,000, 6-12 months, Affidavit ¶ 6) is beyond Plaintiff's means by November 1, 2025 (Doc. 51-4).

Necessity: Past delays (Timeline ¶¶ 6-12) and Plaintiff's health (Affidavit ¶ 1) require email (Rio Properties, 284 F.3d at 1016).

### C. SAC and Class Action Must Move Forward

Class Action: Doc. 42 seeks $3 billion for 8,000 consumers; Trump's Order (Web ID: 0) increases Perkins Coie's class action risk (Doc. 42 at 5). SAC: The FAC is defective (Timeline ¶ 1); SAC corrects it. Perkins Coie's delay (April 7 email) exploits this. Rule 15(a)(2) requires approval (Foman v. Davis, 371 U.S. 178, 182 (1962)).

No Prejudice: Case is early (Doc. 51 at 4); SAC aids all parties.

### D. Notice Is Sufficient

Email to yuanshanhai98@163.com meets Mullane v. Central Hanover Bank & Trust Co. (339 U.S. 306, 314 (1950)) with Exhibits A-B.

### E. Response Time Should Be 7 Days

LRCiv 7.2(c) allows 14 days to respond, but this Court can shorten it. Judge Hannah gave Plaintiff only 4 days to file the FAC (Minute Order, June 1, 2024), denying his extension. Perkins Coie, with Amazon's resources, needs no more than 7 days to oppose this Motion. Equity demands parity—Plaintiff's limited means (Affidavit ¶ 1) contrast with Defendants' power, yet he met a harsher deadline (Jaburek, 813 F.3d at 632).

## V. RELIEF REQUESTED

Plaintiff requests:

1. Reconsider and reverse Doc. 48;
2. Authorize email service of the SAC in Mandarin to yuanshanhai98@163.com;
3. Approve SAC (Doc. 51-1);
4. Deny Perkins Coie's May 2 extension request;
5. Set service effective on email delivery;
6. Give Chinese Defendants 60 days to respond;

5

7. Limit Perkins Coie's response time to this Motion to 7 days from filing.

## VI. CONCLUSION

1. Judge Tuchi's delays (July 25, 2024 – January 6, 2025) and Perkins Coie's tactics, now under Trump's Order (Web ID: 0), threaten Plaintiff's $3 billion class action (Doc. 42). Plaintiff's evidence and law support email service, SAC approval, and a 7-day response limit. Failure to grant this risks dismissal of a valid case.

DATED: April 10, 2025

/s/ Stanley M. Gustafson

Stanley M. Gustafson, Pro Se

19031 N Mark Lane, Sun City, AZ 85373

Telephone: 623-243-2628

Email: stangustafson66@gmail.com

## DECLARATION OF STANLEY M. GUSTAFSON

(Notarized Affidavit)

1. I, Stanley M. Gustafson, declare under penalty of perjury under 28 U.S.C. § 1746:
2. I am 76, at 19031 N. Mark Lane, Sun City, AZ 85373, with $1,172/month income, and had 13 hospital stays since June 2022 (Doc. 49 at 2), including July 25 – August 14, 2024.
3. This supports my Motion to Reconsider (Doc. 48), SAC approval (Doc. 51-1), and 7-day response limit, linked to my class action (Doc. 42).
4. Shenzhen Yingzhan Technology Company Limited (dba YingleUS), Eternity Technology Company Limited, and Eternity Technology Holdings

Limited are under YingleUS's legal department. Sophia Yuanshanhai (yuanshanhai98@163.com) represents them (Exhibit A, February 18, 2025).

5. Emails (February 15 – March 1, 2025), a call ((+86) 17775847798, March 1), and April 5, 2025, email (no bounce-back, Exhibit B; Doc. 53 at 5) verify her role.
6. USPS attempts failed (Exhibit C; Doc. 49 at 6); Hague service via China's Ministry isn't possible (ABC Translation, March 2025).
7. Hague costs ($500-$1,000, 6-12 months) exceed my means by November 1, 2025 (Doc. 51-4).
8. Hannah's June 1, 2024, denial gave me 4 days for the FAC; Tuchi's delays (July 25, 2024 – January 6, 2025) and Perkins Coie's extension (April 7 email) threaten my $3 billion class action (Doc. 42).
9. Exhibits:
    (A) Sophia's letter;
    (B) Sophia's Email Chain;
    (C) Income statement (April 2025).

DATED: April 10, 2025
/s/ Stanley M. Gustafson (Notarized)

CERTIFICATE OF SERVICE

I certify that on April 10, 2025, I filed this motion via CM/ECF and served copies on:

Amazon.com Inc. & Amazon Services LLC:

Christopher Stuart Coleman, Perkins Coie LLP,

2525 E Camelback Rd., Ste. 500,

Phoenix, AZ 85016,

CColeman@perkinscoie.com;

Rahgan N Jensen, Perkins Coie LLP,
2525 E Camelback Rd., Ste. 500,
Phoenix, AZ 85016
rjensen@perkinscoie.com

/s/ Stanley M. Gustafson

# CERTIFICATE OF SERVICE CHINESE DEFENDANTS

I certify that by April 12, 2025, I will convert this this document into Mandarin Chinese and mail it using the USPS PRIORITY MAIL to Sophia Yuanshanhai - Attorney for the 4 Chinese Defendants as they are not registered to with the Federal CM/ECF system.:

4 Chinese Defendants represented by:

Sophia Yuanshanhai, Attorney
Address: 3/F,4/F, Zhongdian Information Building,
          No. 1 Xinwen Road Futian District,
          Shenzhen, People's Republic of China
Tel:     (+86) 177 7584 7798
Email:  yuanshanhai98@163.com
*LEAD ATTORNEY TO BE NOTICED*

(Defendant 1)
YingleUS at Anyork Tech Incorporated
Address: 3/F,4/F, Zhongdian Information Building,
          No. 1 Xinwen Road Futian District,
          Shenzhen, People's Republic of China
Email:   service@anyork.com

Defendant 2
Shenzhen Yingzhan Technology Company Limited
Address: Building A2, Yingzhan Industrial Park,
          Longtian Street, Pingshan District,
          Shenzhen City, People's Republic of China  518131
Tel:    (+86)-755-8693-8362
Email: sales@szeternity.com

Defendant 3
Eternity Technology Company Limited
Address:  Building A2, Yingzhan Industrial Park,
           Longtian Street, Pingshan District,
           Shenzhen City, People's Republic of China 518131
Tel:     (+86)-188-2007-9961
Tel:     (+86)-755-8693-8362
Mail:    sales@szeternity.com

Defendant 4
Eternity Technology Holdings Limited
Address: 808, Tower B, One Excellence Qianhai Tower, Nashan,
          Shenzhen City, People's Republic of China 518131

/s/ Stanley M. Gustafson