**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley M Gustafson, | No. CV-24-01834-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Amazon.com Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Stanley Gustafson's Motion for Reconsideration (Doc. 56) of the Court's previous Order denying his request for alternative service of several Chinese entities that have been named as defendants in this action (Doc. 48). For the reasons explained, Gustafson's motion for reconsideration is **denied**.

## I.    BACKGROUND

On March 12, 2025, Gustafson filed a motion for alternative service of the foreign defendants. (Doc. 44.)  In it, he argued the "traditional method under the Hague Convention could take six months or more, delaying this case" and he had "obtained the email address of the Chinese Defendants' attorney," named "Sophia," so he should be able to serve the foreign defendants via email on their supposed attorney. (*Id.* at 2.)

On March 26, 2025, the Court denied Gustafson's motion. (Doc. 48.) The Court noted that, although Gustafson stated he "'verified' and 'confirmed' that this email address belongs to the foreign defendants' counsel, he [did] not provide the Court with any information about *how* he verified or confirmed that counsel represents all four foreign

defendants." (*Id.* at 2.) The Court also reasoned that it was "skeptical that it [could] grant Gustafson's requested relief under the circumstances" because China, although a signatory to the Hague Service Convention, "opposes (1) the use of postal channels to send judicial documents directly to foreign defendants and (2) effectuating service through judicial officers, officials or other competent persons." (*Id.* at 3 (quotation marks omitted).) Further, the Court cited decisions by the United States Supreme Court holding that (1) the Hague Service Convention preempts inconsistent methods of service and (2) if a country objects to service by mail, mail is not allowed. (*Id.*) The Court also cited decisions from other courts that concluded email service on Chinese defendants is not permitted under the Hague Service Convention. (*Id.* at 4.) The Court noted Gustafson had not argued "that an exception to the Hague Service Convention applie[d] in this case" or provided the Court with additional information that would place this case under facts similar to *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1013 (9th Cir. 2002). (*Id.* at 4–5.) The Court denied the motion "without prejudice to Gustafson bringing another motion for alternative service in the future" if he was "unable to locate a physical address for the foreign defendants and he [was] able to provide sufficient evidence to the Court to satisfy it that service by email to defendants' counsel at the proposed email address(es) [was] reasonably calculated to give notice to the foreign defendants." (*Id.* at 5.)

On April 10, 2025, Gustafson filed his motion for reconsideration. (Doc. 56.)

## II. LEGAL STANDARD

"Although the Court has discretion to reconsider a prior order, reconsideration is disfavored and appropriate only in rare circumstances." *Bullock v. Ariz. Bd. of Regents*, 2025 WL 1115462, at *1 (D. Ariz. 2025) (citation and quotation marks omitted). Indeed, reconsideration is "an extraordinary remedy that is available only in highly unusual circumstances." *Coppinger v. Don Sanderson Ford Inc.*, 2025 WL 1101661, at *2 (D. Ariz. 2025) (quotation marks omitted). Under this Court's Local Rules, "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention

earlier with reasonable diligence." LRCiv 7.2(g)(1).  Manifest error means the "decision must strike the court as more than just maybe or probably wrong—it must be dead wrong." *De Silva v. Pima Cnty. Gov't*, 2025 WL 48457, at *2 (D. Ariz. 2025) (citation omitted).

A motion for reconsideration itself must "point out with specificity" (1) "the matters that the movant believes were overlooked or misapprehended by the Court," (2) "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier," and (3) "any specific modifications being sought in the Court's Order." LRCiv 7.2(g)(1); *see also Coppinger*, 2025 WL 1101661, at *2 ("New arguments not based on new facts or legal authority do not merit reconsideration."). Importantly, a motion for reconsideration cannot "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv 7.2(g)(1); *see also Bullock*, 2025 WL 1115462, at *1 ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs, nor should such motions be used to ask the Court to rethink what it has already thought." (quotation marks omitted)); *Lane v. City of Tucson*, 2025 WL 691702, at *2 (D. Ariz. 2025) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."). If the movant does not comply with these requirements, this alone "may be grounds for denial of the motion." LRCiv 7.2(g)(1). Further, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." *Id.* 7.2(g)(2).

### III.   DISCUSSION

Gustafson argues that, because email service is permitted under the Hague Service Convention, and because service pursuant to the Hague Service Convention is costly and time-consuming, he should be allowed to serve the foreign defendants via their supposed counsel's email.  (Doc. 56 at 4–5.)  The Court again disagrees.

As an initial matter, Gustafson's motion for reconsideration is not timely under the

Local Rules because it was filed 15 days after the Court's Order.  LRCiv 7.2(g)(2).  The motion also does not provide the Court with any "new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier" or, specifically, what Gustafson believes the Court "overlooked or misapprehended." (*See generally* Doc. 56 at 2–7.)  LRCiv 7.2(g)(1).  The relevant argument Gustafson does include[1] simply rehashes the same things offered in his initial motion for alternative service.  (Doc. 56 at 2–3, 7 (arguing financial hardship); *id.* at 4 (arguing the Hague Service Convention does not prohibit email service); *id.* at 4–5, 6–7 (arguing cost and medical concerns).)  This alone warrants denial.  LRCiv 7.2(g).

Even considering the motion on the merits, however, Gustafson has not met his burden of showing the Court manifestly erred—or erred at all—in its denial of alternative service on the foreign defendants via email.  *De Silva*, 2025 WL 48457, at *2.  First, Gustafson has not provided any convincing authority that the Court may dispense with the requirements of the Hague Service Convention because service would be costly or time-consuming.  (Doc. 56 at 4–5.)  *See, e.g.*, *Molloy v. Triwin, Inc.*, 2023 WL 11979757, at *2 (C.D. Cal. 2023) ("The Hague Convention exists for a reason.  If a plaintiff could avoid its effect simply because of an assertion – justified or not – that service pursuant thereto would be impractical, expensive, or would take time, it would be little more than an internationally agreed-upon dead letter."); *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL 4679001, at *4 (C.D. Cal. 2014) ("Because the United States and [the country of proposed service were] parties to the Hague Service Convention, compliance with the Convention [was] mandatory." (quotation marks omitted)).  Further, the contrary authority Gustafson cites is a non-existent case.  (Doc. 56 at 4.)[2]

---

[1] Gustafson also included irrelevant allegations about actions taken by judges who previously presided over this case, the Amazon Defendants' counsel, and the now-stricken Second Amended Complaint ("SAC").  (Doc. 56 at 2–3; Doc. 46 (striking SAC).)

[2] The Court admonishes Gustafson that he is subject to Rule 11, which authorizes sanctions for citation to non-existent caselaw.  *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (under Rule 11, courts may sanction parties for "misrepresenting facts or making frivolous legal arguments" and parties are required to read "and thereby confirm the existence and validity of" legal authorities); *see also Strike 3 Holdings, LLC v. Doe*, 2025 WL 882212, at *3 (C.D. Cal. 2025) (briefs that contain non-existent authority cannot be

Second, the documents Gustafson attaches to his motion in support of his argument that he has been communicating with an attorney who represents all four foreign defendants do not establish that email service would be reasonably calculated to give notice to the foreign defendants. The letter from Sophia to Gustafson states she only represents *one* of the four foreign defendants. (Doc. 56-1 at 5.)[3] Although, Gustafson argues Sophia confirmed her representation of all four defendants in a February 18, 2025 letter, no such letter was attached as an exhibit to Gustafson's motion, despite his statement to the contrary. (Doc. 56 at 2 (citing letter as "Exhibit A"); Doc. 56-1 at 5 (letter dated July 19, 2024).) In addition, the letter and email correspondence do not inspire confidence that email service on Sophia would be reasonably calculated to provide notice of this action to the foreign defendant she purports to represent. For example, her correspondence does not include any counsel letterhead providing information for any legal entity for which she works, nor does she provide her full name with her contact information. (Doc. 56-1 at 5–6, 8–10.) Even if she is indeed counsel for the one defendant, the address and phone number she provided does not suggest she is located in the United States, a fact that could weigh in favor of granting alternative service. *See Rio Props.*, 284 F.3d at 1017 (affirming alternative service by email on *domestic* counsel). It is also not apparent from the communications whether she is authorized to accept service on behalf of any of the defendants. Furthermore, Gustafson has indicated in other filings that Sophia has since been "terminated" as counsel. (Doc. 64 at 3.)

The Court is not faced with the same facts as in *Rio Properties*. Here, the foreign defendants have physical addresses and are not solely reachable by email. (*See* Doc. 56 at submitted).

---

[3] Further warranting denial of his motion for reconsideration, the letter and other correspondence between Sophia and Gustafson are from July 2024. (Doc. 56-1 at 5–6, 8–10.) Thus, the correspondence was available to Gustafson when he submitted his motion for alternative service. *Bullock*, 2025 WL 1115462, at *1 ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs, nor should such motions be used to ask the Court to rethink what it has already thought." (quotation marks omitted)); *Coppinger*, 2025 WL 1101661, at *2 ("New arguments not based on new facts or legal authority do not merit reconsideration."). Gustafson does not explain why he did not include this information in his initial motion in the first instance. LRCiv 7.2(g)(1).

- 5 -

9 (providing physical addresses and telephone numbers for all four foreign defendants).) *See Rio Props.*, 284 F.3d at 1017–18 (affirming service via email address where the defendant "structured its business such that it could be contacted *only* via its email address" and did not provide any "easily discoverable street address in the United States or in Costa Rica," such that it "had neither an office nor a door; it had only a computer terminal"). Thus, even if the Court agreed with Gustafson that the Hague Service Convention permitted email service on Chinese parties, the Court would not find that email service on a single, foreign, unknown, purported attorney for one foreign defendant would be the "method of service most likely to reach" all four foreign defendants. *Rio Props.*, 284 F.3d at 1017.

At bottom, Gustafson's primary reason for seeking alternative service is to avoid the cost and time necessary to comply with the Hague Service Convention. Although an understandable desire, Gustafson may not circumvent the Hague Service Convention based on that reason alone, particularly given the facts presented here. *See Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 259 (N.D. Cal. 2018) ("[A] plaintiff's request to use Rule 4(f)(3) because it will be much faster . . . by itself is not sufficient justification for the Court to authorize service by alternative method." (alteration in original) (quotation marks omitted)).[4]

Accordingly,

**IT IS ORDERED** that Gustafson's motion for reconsideration (Doc. 56) is **denied**.

Dated this 30th day of April, 2025.

_____
Honorable Sharad H. Desai
United States District Judge

---

[4] Gustafson cursorily requests that the Court approve his motion for leave to amend his complaint. (Doc. 56 at 5.) The Court does not address this request because it is not properly before the Court in a motion to reconsider the Court's denial of alternative service or in such cursory fashion.

- 6 -